WILLIAM B. CAMPBELL, Senior District Judge,
concurring.
I concur with the opinion of Judge Wood, but do so with the following comment. In this case, the Court chooses to adhere to the *1020 law on piercing the corporate veil as initially stated in Steven v. Roseoe Turner Aeronautical Corporation, 324 F.2d 157, 160 (7th Cir.1963) and consistently reaffirmed by this circuit thereafter, see, inter alia Bernardin, Inc. v. Midland Oil Corp., 520 F.2d 771 (7th Cir.1975); CM Corp. v. Oberer Development Co., 631 F.2d 536 (7th Cir.1980). All those cases involved actions at law while the case before us arises out of an equitable proceeding, i.e. bankruptcy. The Bankruptcy Court has available to it the more flexible principles of equity, and therefore I am not convinced that the elements required for piercing the corporate veil in an action at law must always be applied in a bankruptcy case. Thus, while I do not dispute the result in the case before' us I would hope the Court’s analysis would be considered sufficiently flexible to permit deviation in an appropriate case.